## VACCA v. MARTUCCI.

### (Supreme Court, Appellate Term. November 10, 1904.)

1. APPEAL—QUESTIONS NOT URGED ON TRIAL.
    Criticism of the charge with regard to matters which, if prejudicial, should have been called to the attention of the justice on the trial, cannot avail on appeal.

2. EVIDENCE—RES INTER ALIOS.
    In an action for money had and received, a statement by a third person that he had received money from another for a certain purpose is properly excluded.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Maria C. Vacca against Michael Martucci for money had and received. From an order denying a motion for a new trial after verdict for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Bayard H. Ames, for appellant.
Henry K. Davis, for respondent.

BISCHOFF, J. The question whether the plaintiff paid the money in suit to the defendant as a deposit to secure a bondsman, or to some other person to meet the expenses of her husband's trial, was presented upon a sharp conflict of testimony, and there are no extrinsic circumstances which can lead us to say that the jury should have credited the defendant rather than the plaintiff.

The charge of the court is criticised by appellant's counsel for the first time on appeal, and with regard to matters which should have been called to the attention of the justice, in order that the words used might be modified, if deemed prejudicial at the time. As the record stands, there is no ground for reversal in the instructions given to the jury; and the court properly excluded the receipt offered in evidence for the defendant, the exception taken to which ruling is pressed as affording reason for a new trial. The paper referred to was res inter alios acta— a statement by one third party that he had received money from another for a certain purpose—and to have admitted this incompetent matter in evidence, upon the close question of fact presented, would have been obvious error.

The order appealed from must be affirmed, with costs. All concur.

¶ 2. See Evidence, vol. 20, Cent. Dig. § 403.